IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr9

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>LARRY WHITFIELD )<br>) | ORDER |

**THIS MATTER** is before the Court upon the defendant's Motion to Dismiss (Doc. No. 30), the government's response (Doc. No. 32), and the government's supplemental response (Doc. No. 36). For the reasons that follow, the defendant's motion will be denied.

I.  BACKGROUND

The defendant is charged with the robbery of a credit union on September 26, 2008, (Count One), with conspiring to use and carry a firearm during and in relation to that offense (Count Two), with using and carrying a firearm during the robbery (Count Three), and with forcing a person to accompany him in avoiding apprehension for the robbery and killing that person (Count Four). (Doc. No. 1: Indictment). It appears that the government's theory regarding Count Four is that the alleged victim died from a heart attack induced by the stress of the defendant's alleged entering into her home and holding her in a room while he made telephone calls to escape from the charged robbery. (Doc. No. 22: Response to Motion to Continue at 3-4). This matter is set for jury trial beginning November 16, 2009. (Doc. No. 28: Order).

II.     DISCUSSION

The defendant challenges the statute at issue in Count Four, 18 U.S.C. § 2113(e), as being unconstitutionally vague and lacking a mens rea requirement.[1]  The Bank Robbery Act, originally passed in 1934, contains special provisions for increased punishment for aggravated offenses. Prince v. United States, 352 U.S. 322, 327 n.6 (1957).  The Fourth Circuit has recognized that § 2113 creates greater and lesser included offenses. United States v. Whitley, 759 F.2d 327, 329 (4th Cir. 1985).

Among these is § 2113(e), which reads:

> Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment.

18 U.S.C. § 2113(e) (2008).  This subsection "contemplates two categories of defendants: those whose crime results in death and those where no death results." United States v. Turner, 389 F.3d 111, 120 (4th Cir. 2004).  If death results, the punishment is either death or life imprisonment; if no death results, the punishment is ten years to life imprisonment. Id.

Although defendants have complained about the lack of a mens rea requirement in § 2113(e), courts have approved the provision, relying on the plain meaning of the words and the common law doctrine of felony murder.  In United States v. Poindexter, 44 F.3d 406, 408-09 (6th Cir. 1995), the Sixth Circuit concluded that the use of word "kill," as opposed to the word

---

[1] Because the defendant has not been convicted of a violation of § 2113(e), it is not necessary to address, at this point, his argument that the statute's provision of a life sentence violates the Eighth Amendment's ban on cruel and unusual punishment.

"murder," signaled the legislature's intent not to add "an additional scienter requirement to the killing component of the crime." As with felony murder, the intent to kill is presumed from the intent to commit the underlying felony. United States v. Parks, 411 F. Supp. 2d 846, 849 (S.D. Ohio 2005).[2] The defendant has not cited any case where a felony murder statute has been rendered invalid. In fact, the Fourth Circuit relied on that doctrine to affirm a sentence under 18 U.S.C. § 924(j)(1) for killing a person in the perpetration of a robbery. United States v. Williams, 342 F.3d 350, 356-57 (4th Cir. 2003).

The government concedes that it must prove that the alleged victim's death was proximately caused by the defendant's conduct. (Doc. No. 32: Response at 18). This requirement insures that criminal liability is only imposed for an intentional act of a defendant and not simply a coincidence. Parks, 411 F. Supp. 2d at 856; United States v. Nelson, 920 F. Supp. 825, 831 (M.D. Tenn. 1996). Additionally, the plain language of the statute limits its reach to acts occurring during the commission of the offense, in avoiding apprehension following the offense, and while freeing oneself from arrest or confinement for the offense. 18 U.S.C. § 2113(e). Thus, the statute is not unconstitutionally vague as applied to the defendant, who could easily understand he would be held responsible for harm allegedly caused in avoiding apprehension following the charged robbery. United States v. O'Reilly, No. 05-80025, 2008 WL 283999, at *2 (E.D. Mich. Feb. 1, 2008) (recognizing heart attack as an example of a killing or death resulting from a bank robbery covered by § 2113(e)).

---

[2] A panel of the Sixth Circuit recently affirmed the defendant's conviction in Parks, but remanded for re-sentencing to consider whether the ten-year minimum or mandatory life sentence applied where a co-conspirator was killed in a car crash during an escape from a bank robbery. United States v. Parks, No. 07-3944, slip op at 2 (6th Cir. Oct. 16, 2009).

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Dismiss is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and the United States Attorney.

Signed: October 20, 2009

Robert J. Conrad, Jr.
Chief United States District Judge