IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr9

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LARRY WHITFIELD (1) | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's motion to enlarge the time to file a post-verdict brief in support of his motion for acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure. (Doc. No. 56). The government has responded that the defendant's motion is not timely and there is no excusable neglect to allow the late filing. (Doc. No. 57). The defendant did not reply to the government's argument.

According to Rule 29(c)(1), a defendant may move for a judgment of acquittal, or renew a motion, within seven days of a guilty verdict. The jury returned its guilty verdict on November 20, 2009. (Doc. No. 52). Using the computation of time rule in place at the time of the verdict, the defendant had until December 2, 2009, to file or renew his motion. Fed. R. Crim. P. 45(a). He did not file the instant motion until December 7, 2009. (Doc. No. 56).

Deadlines for filing post-judgment motions are strictly construed, United States v. Meyers, 279 F. App'x 194, at *1 (4th Cir. 2008) (citing Carlisle v. United States, 517 U.S. 416, 420 (1996)), but a court may extend the period when a motion is filed after the time expires if a party failed to act because of excusable neglect. Fed. R. Crim. P. 45(b)(1)(B). The most important factor in determining excusable neglect is the reason for delay. United States v. Stewart, 312 F. App'x 557, 558 (4th Cir. 2009) (citing Thompson v. E.I DuPont de Nemours & Co., 76 F.3d 530, 534 & n.4 (4th Cir. 1996). Other factors include the danger of prejudice to the

opposing side, the length of delay and its potential impact on judicial proceedings, and whether the movant acted in good faith. Id. (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 385 (1993).

Here, the defendant has not offered any reason for the delay, even though the government highlighted the lateness of the motion in its response. The defendant sought additional time to receive and review transcripts of the trial to support of asking the court to reconsider the oral Rule 29 motions made at trial and a post-verdict motion for judgment of acquittal. (Doc. No. 56: Motion at ¶7). Based on pleadings filed before the trial and objections made during the trial, the Court finds that the absence of a completed transcript does provide an excuse for the late filing because counsel was already keenly aware of the issues detailed in the instant motion even without the transcript. Additionally, the government would be prejudiced and judicial proceedings would be impacted by allowing the defendant to re-litigate issues already preserved for appeal.[1]

**IT IS, THEREFORE, ORDERED,** that the defendant's motion (Doc. No. 56) is DENIED.

Signed: January 6, 2010

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] The instant motion contains an issue not raised during the trial, that is, the allegation that the verdict form allowed the jury not to decide unanimously whether the defendant's forced accompaniment of Mary Parnell resulted in her death. (Doc. No. 56: Motion at 3). However, a post-verdict Rule 29 motion is inadequate preserve an issue for appeal where an objection was not raised at trial. See United States v. Smith, 452 F.3d 323, 330-31 (4th Cir. 2006) (party may not "blindside" trial court by raising new allegations of error in post-verdict motion).