IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00027-RJC
(3:09-cr-00009-RJC-DCK-1)

| | |
|---|---|
| LARRY WHITFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct his Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On January 23, 2009, Petitioner and a co-defendant, Quanterrious McCoy, were indicted in this District on four counts related to a failed bank robbery. The evidence presented at trial showed the following: On the morning of September 26, 2008, Petitioner and McCoy backed into a space in front of the Fort Financial Credit Union and got out of the vehicle bearing firearms. Tellers saw Petitioner and McCoy with the weapons and watched them try to open the front door to the bank. The manager instructed the tellers not to open the door and the defendants quickly drove away in a white four-door sedan after they could not gain access to the bank. Police were called and gave chase and observed a sedan wreck into another car whereupon both Petitioner and McCoy abandoned the car and fled on foot.

In trying to avoid capture, Petitioner first broke into the home of Tina Walden who was

1

not home at the time. Petitioner waited in her home for approximately thirty minutes and when Walden returned from work, Petitioner opened the front door and confronted her with a knife that he had obtained from within her house. Petitioner ordered Walden to be quiet and come in the house but instead she ran away. Petitioner then left the Walden residence and broke into the home of Mary Parnell in an effort to avoid capture. Upon seeing Petitioner enter her home, Mrs. Parnell became extremely agitated and began to cry and experience shortness of breath. Petitioner ordered her from the hallway into another room and instructed her to sit down. Petitioner then called a friend, Tamecia Sanders, and asked her to pick him up at the Parnell residence. Petitioner spoke with Sanders while she was en route and informed her that Mrs. Parnell had been complaining about shortness of breath and that she no longer looked like she was breathing. Sanders advised Petitioner to call an ambulance but he declined to do so. While Petitioner was waiting for Sanders, an off-duty police officer knocked on the Parnells' door to alert them that there may be bank robbers in the neighborhood. No one answered. After the officer left, Petitioner left the Parnells' home. Mrs. Parnell's husband, Herman, returned after Petitioner left, and found Mrs. Parnell motionless and unresponsive. Efforts to revive Mrs. Parnell failed and it was found that she had died from a heart attack.[1]

On November 23, 2009, Petitioner was convicted on four counts related to the failed bank robbery and he was sentenced to a term of life imprisonment plus a consecutive term of 60 months and he appealed. (3:09-cr-00009, Doc. No. 83: Judgment). The Fourth Circuit vacated Petitioner's sentence of life imprisonment on Count 4 and remanded for resentencing based on

---

[1] In Count 4 of Petitioner's indictment, he was charged with the forceful accompaniment of Mrs. Parnell while he was attempting to avoid apprehension following the attempted bank robbery, all in violation of 18 U.S.C. § 2113(a).

the Court's finding that the jury instructions regarding Count 4 had the effect of constructively amending the indictment. United States v. Whitfield, 695 F. App'x 288 (4th Cir. 2012), cert. denied, 133 S. Ct. 1461 (2013). On remand, Petitioner was sentenced to a downward departure sentence of 264-months' imprisonment on Count 4, two concurrent terms of 240 months on Counts 1 and 2, and a consecutive term of 60-months' imprisonment on Count 3. (Id., Doc. No. 110: Amended Judgment).

Petitioner again appealed this time contending, among other things, that this Court erred in applying the Guidelines cross-reference in USSG § 2B3.1 to the felony murder section as found in § 2A1.1.[2] Petitioner further argued that the Court applied an improper causation standard in concluding that he caused Mrs. Parnell's death. Alternatively, Petitioner argued that this Court erred in finding that the forced accompaniment of Parnell by Petitioner, in contrast to Petitioner's mere presence, caused Parnell's death. The Circuit panel rejected both challenges and affirmed his amended judgment. See United States v. Whitfield, 548 F. App'x 70 (4th Cir.), aff'd, 135 S. Ct. 785 (Jan. 15, 2015).[3]

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and

---

[2] USSG § 2B3.1(c) instructs the sentencing court to apply the cross-reference to § 2A1.1 "[i]f the victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111." First-degree murder includes a killing that is "committed in the perpetration of, or attempt to perpetrate, any . . . burglary, or robbery." 18 U.S.C. § 1111.

[3] The Supreme Court granted a petition for a writ of certiorari to consider Petitioner's argument that the Fourth Circuit erred in concluding that Petitioner was rightfully subject to an enhanced penalty under 18 U.S.C. § 2113(e) because he directed Parnell from a hallway into a computer room to wait – where she was later found dead – while he tried to secure a ride from the Parnell residence. In a unanimous decision, the Court held that § 2113(e) does not require a "substantial" movement in order to trigger the enhanced sentence; but rather all that the statute requires is that the defendant require a victim to accompany him somewhere, even if the movement occurs solely within a single building or only involved a short distance.

3

the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

In this § 2255 proceeding Petitioner raises three claims. Petitioner first argues that this Court erred in applying the murder cross-reference based on the Court's finding that Mrs. Parnell was killed during his effort to avoid apprehension after the failed robbery attempt. This claim was raised, and rejected, on direct appeal from Petitioner's amended judgment. Accordingly, Petitioner is foreclosed from renewing this argument in a collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding the law of the case doctrine forecloses litigation of issues expressly or impliedly decided by the appellate court) (internal citation omitted).

Petitioner also contends that this Court engaged in impermissible double counting by applying an increase in his Guidelines range pursuant to USSG § 2B3.1(b)(2)(E). (3:16-cv-00027, Doc. No. 1-1: Petitioner's Mem. at 7). Section 2B3.1(b)(2)(E) provides, in relevant part, that a three-level increase in an offense level applies if "a dangerous weapon was brandished or possessed . . ." Petitioner contends that that the "conduct which led to the three level increase is already accounted for by the petitioner's sentence and conviction on the § 924(c) offense." (Id. at 8-9). This argument is without merit. In Count 3, Petitioner and McCoy were charged with the knowing use and possession of a firearm during and in relation to a crime of violence, namely, bank robbery, and that such use and possession was in furtherance of the crime of bank robbery,

4

all in violation of 18 U.S.C. §§ 924(c) and 2. (3:09-cr-00009, Doc. No. 1: Bill of Indictment). The application of the three-level enhancement was not applied for the § 924(c) offense; but instead for the offense of threatening Mrs. Walden with a knife while he attempted to avoid capture after the failed robbery. (Id., Doc. No. 74: Presentence Report ¶ 28).

Petitioner also raises a claim that he received ineffective assistance of both trial and appellate counsel. (3:16-cv-00027, Petitioner's Mem. at 3). The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

The test for ineffective assistance of appellate counsel is largely the same as it is for trial counsel. Specifically, "[i]n order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v.

5

Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). Appellate counsel "is entitled to a presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).

Petitioner argues that his appellate counsel was ineffective in failing to challenge the application of the three-level enhancement under USSG § 2B3.1(b)(2)(E) for brandishing a knife at Mrs. Walden during his attempt to avoid apprehension for the attempted bank robbery. Petitioner also contends that his trial and appellate counsel were ineffective in failing to adequately challenge the murder cross-reference. Petitioner's arguments fail for the simple reason that counsel could not have been ineffective in failing to present these challenges because they are meritless. In other words, the Court found that the application of these enhancements was supported by the evidence therefore any such challenge would have been fruitless.

For the foregoing reasons, the Court finds that this claim for relief will be denied.

IV. CONCLUSION

The Court has examined Petitioner's § 2255 Motion to Vacate and finds that his claims for relief are without merit and his motion will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: February 3, 2016

Robert J. Conrad, Jr.
United States District Judge