**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-510-RJC
(3:09-cr-9-RJC-DCK-1)**

| | |
|---|---|
| LARRY WHITFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015). The Fourth Circuit Court of Appeals has granted Petitioner authorization to file this, his second motion to vacate, pursuant to 28 U.S.C. §§ 2244(b) and 2255(h). (Doc. No. 1-1).

**I.  BACKGROUND**

Petitioner was indicted along with one co-Defendant for:

Count (1), aiding and abetting each other in an attempt to rob a bank by force, violence, and intimidation in violation of 18 U.S.C. § 2113(a) and (2):

Count (2), conspiring to use and carry one or more firearms during and in relation to a crime of violence, that is, bank robbery, as charged in Count (1), and to knowingly and intentionally possess one or more of said firearms in furtherance of such crime of violence, in violation 18 U.S.C. § 924(c) and (o);

Count (3), using and carrying one or more firearms during and in relation to a crime of violence, that is, bank robbery as charged in Count (1), in violation of 18 U.S.C. § 924(c) and (2); and

1

Count (4), forcing a victim to accompany him to avoid apprehension for the attempted bank robbery, which killed the victim, in violation of 18 U.S.C. § 2113(e).[1]

(3:09-cr-9-RJC-DCK-1, Doc. No. 1).

A jury found Petitioner guilty of all four counts.[2] (Id., Doc. No. 52).

After grouping the offenses, the Presentence Investigation Report ("PSR") scored the combined adjusted offense level as 43. No Chapter Four enhancements were added so the total offense level was 43. (Id., Doc. No. 52 at ¶¶ 52, 55). Petitioner had zero criminal history points and a criminal history category of I. (Id., Doc. No. 52 at ¶ 59). The resulting guidelines imprisonment range was life plus a mandatory consecutive five-year sentence for Count (3). (Id., Doc. No. 52 at ¶ 76).

The Court adopted the PSR without change and sentenced Petitioner to life imprisonment for Count (4), 240 months' imprisonment for Counts (1) and (2), all concurrent, and 60 months consecutive for Count (3), followed by a total of five years of supervised release, and restitution. (Id., Doc. No. 83, 84).

Petitioner argued on direct appeal: (1) the Court erred by declining to suppress his confessions which were the product of coercive interrogations; (2) the jury instructions on forced accompaniment were plainly erroneous; (3) the Court erred in instructing the jury on the death results of an offense not alleged in Count (4) which constructively amended the indictment; and (4) there was insufficient evidence to support a conviction for forced accompaniment.

---

[1] The co-defendant was not charged in Count (4).

[2] In Count (4), the jury found Petitioner not guilty of killing the victim in avoiding or attempting to avoid apprehension, but guilty of forcing her to accompany him in avoiding or attempting to avoid apprehension for the offense alleged in Count (1), and that the forced accompaniment resulted in her death. (Id., Doc. No. 52 at 2).

The Fourth Circuit affirmed on all grounds except with regards to Count (4), on which it found a constructive amendment had occurred. Accordingly it vacated the conviction and sentence on the uncharged "death results" offense and remanded for entry of judgment on Count (4) for forced accompaniment and for resentencing. United States v. Whitfield, 695 F.3d 288 (4th Cir. 2012).

On remand, the Probation Office submitted a supplement to the PSR explaining that the Fourth Circuit's partial reversal did not affect the guidelines for Count (4), however, if the Court chose to depart, the guideline range would be 235-293 months. (3:09-cr-9-RJC-DCK-1, Doc. No. 104). The Court adopted the supplement to the PSR and entered an amended judgment reflecting that Count (4) is forceful accompaniment while attempting to avoid apprehension for an attempted bank robbery. (Id., Doc. No. 110). It resentenced Petitioner below the advisory guideline range to 264 months' imprisonment as to Count (4), and 240 months as to Counts (1) and (2), all concurrent, and 60 months, consecutive, as to Count (3), followed by a total of five years of supervised release. (Id., Doc. Nos. 110-11). The Fourth Circuit affirmed, United States v. Whitfield, 548 Fed. Appx. 70 (4th Cir. 2013), and the United States Supreme Court affirmed on January 13, 2015, Whitfield v. United States, 135 S.Ct. 785 (2015).

Petitioner filed a *pro se* § 2255 motion to vacate on January 12, 2016, raising claims of guideline calculation errors, case number 3:16-cv-27-RJC. (Id., Doc. No. 125). The Court found the claims meritless and denied relief. (Id., Doc. No. 126). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal on June 1, 2016. United States v. Whitfield, 651 Fed. Appx. 190 (4th Cir. 2016).

Petitioner sought, and was granted, permission by the Fourth Circuit to file this second § 2255 motion to vacate raising a Johnson claim. (Doc. No. 1).

3

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Construing the *pro se* § 2255 motion to vacate liberally[3] Petitioner argues that his § 924(c) conviction in Count (3), and by extension his 924(o)[4] conviction in Count (2), are invalid because the predicate offense of "Conspiracy to Commit an Attempted Bank Robbery" is not a "crime of violence" pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015).

---

[3] Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).

[4] Section 924(o) makes it unlawful for any person to conspire to use, carry, or possess a firearm, including a machine gun, in furtherance of a crime of violence or drug trafficking crime. See §§ 924(c)(1)(A) and 924(o). To prove a violation of 18 U.S.C. § 924(o), the Government must show: "(1) a conspiracy existed to commit the substantive offense; (2) [the defendant] knew of the conspiracy; and (3) [the defendant], with knowledge, voluntarily joined it." United States v. Isnadin*,* 742 F.3d 1278, 1307 (11th Cir. 2016).

In Johnson, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[5] is void for vagueness. Johnson recognizes a new right that is retroactively applicable on collateral review. Welch v. United States, 136 S.Ct. 1257, 1265 (2016). Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563.

Petitioner was not sentenced under ACCA. Rather, he seeks to extend Johnson's void-for-vagueness holding to § 924(c)(3)(B).

The Fourth Circuit has not yet determined whether Johnson applies to § 924(c)(3)(B) and the other circuits are split on the issue.[6] This Court need not resolve the issue here because the instant § 2255 motion to vacate is time-barred and, alternatively, would fail on the merits.

---

[5] ACCA defines a "violent felony" as any felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

[6] The majority of circuits have held that Johnson does not apply to, or invalidate, § 924(c)(3)(B) because of significant textual differences between ACCA's residual clause and § 924(c)(3)(B)'s so-called risk-of-force clause. See United States v. Prickett, 839 F.3d 697, 699-700 (8th Cir. 2016), *petition for cert. filed* (U.S. Dec. 30, 2016) (No. 16-7373); United States v. Hill, 832 F.3d 135, 145-49 (2d Cir. 2016); United States v. Taylor, 814 F.3d 340, 375-79 (6th Cir. 2016), *petition for cert. filed* (U.S. Oct. 12, 2016) (No. 16-6392); Ovalles v. United States, 861 F.3d 1257 (11th Cir. 2017); see also United States v. Davis, 677 Fed. Appx. 933, 936–37, 2017 WL 436037, at *2 (5th Cir. Jan. 31, 2017) (unpublished), *petition for cert. filed* (U.S. May 3, 2017) (No. 16-8997). Only the Seventh Circuit has held that Johnson applies to invalidate § 924(c)(3)(A). See United States v. Cardena, 842 F.3d 959, 995-99 (7th Cir. 2016). Even it has acknowledged that "the case for distinguishing § 924(c)(3)(B) is not altogether unconvincing," but has held that it is bound by its precedents holding that § 924(c)(3)(B) is unconstitutionally vague until the United States Supreme Court holds otherwise pursuant to *stare decisis*. United States v. Jackson, 865 F.3d 946, 954 (7th Cir. 2017); see United States v. Vivas-Ceja, 808 F.3d 719, 721 (7th Cir. 2015) (finding that Johnson invalidates the residual clause in 18 U.S.C. § 16(b)); United States v. Cardena, 842 F.3d 959 (7th Cir. 2016) (relying on Vivas-Ceja to hold that the "residual clause" in § 924(c)(3)(B) is the same as the one in § 16(b) and therefore is also unconstitutionally vague).

First, Petitioner's § 2255 motion to vacate is time-barred. A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner appears to argues that his motion to vacate is timely pursuant to § 2255(f)(3) because it was filed within one year of Johnson's issuance.

Petitioner's reliance on § 2255(f)(3) is misplaced because Johnson only recognizes that ACCA's residual clause is unconstitutionally vague. See Johnson, 135 S.Ct. at 2557. Johnson does not expressly recognize a new right with respect to § 924(c), therefore, § 2255(f)(3) does not apply pursuant to its plain language. See generally United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) (holding that Johnson did not recognize the right the defendant asserted – to have his guidelines range calculated without the sentencing guidelines' residual clause – and therefore § 2255(f)(3) did not re-start his time to file his motion to vacate); see also Bell v. United States, 2017 WL 151398 (W.D.N.C. Jan. 13, 2017) (finding that § 2255(f)(3) does not apply to defendant's claims that Johnson applies to the sentencing guidelines and § 924(c) because Johnson did not initially recognize the right the defendant purported to assert); Bradham v. United States, 2017 WL 3730510 (D.S.C. Aug. 30, 2017) (holding that § 2255(f)(3) does not re-start the one-year

period to bring a claim that Johnson applies to § 924(c)); United States v. Halteh, 2017 WL 3669098 (E.D. Va. Aug. 24, 2017) (same). Cf. United States v. Snyder, __ F.3d __, 2017 WL 4171886 (10th Cir. Sept. 21, 2017) (finding that a § 2255 motion to vacate asserting a claim that Johnson applies to § 924(c)(2)(B) "*asserts* the right established in Johnson…" and therefore was timely under § 2255(f)(3) regardless of whether the claim can ultimately prevail).

Second, even if Johnson was extended to § 924(c), Petitioner's claim would fail on the merits.

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." A "drug trafficking crime" is "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). A "crime of violence" under § 924(c) means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3). Subsections (A) and (B) are sometimes referred to as the "use-of-force" clause and "risk-of-force" clause, respectively.

To determine whether a crime requires the use, attempted use, or threatened use of violent force, courts generally apply a categorical approach or modified categorical approach depending on whether the statute is indivisible or divisible. See Mathis v. United States, 136 S.Ct. 2243 (2016); Descamps v. United States, 133 S.Ct. 2276 (2013); see Shepard v. United States, 544 U.S. 13 (2005).

7

As a preliminary matter, Petitioner's contention that the predicate offense for his violations of § 924(c) and (o) is *conspiracy* to commit an attempted bank robbery is factually incorrect. The predicate for Counts (2) and (3) is the attempted bank robbery charged in Count (1), in violation of 18 U.S.C. § 2113(a) and (2). (Cr-DE# 1 at 1).

Section 2113(a) makes it a crime if any person "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." 18 U.S.C. § 2113(a). "Intimidation means the threat of force" and exists "when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force." United States v. Armour, 840 F.3d 904, 909 (7th Cir. 2016); see Johnson v. United States, 559 U.S. 133, 140 (2010).

The Fourth Circuit has determined that § 2113(a) bank robbery satisfies § 924(c)(3)(A)'s use-of-force clause and, therefore, is categorically a crime of violence. United States v. McNeal, 818 F.3d 141, 152 (4th Cir. 2016) (declining to reach the issue of whether Johnson applies to § 924(c)(3)(B)); see also United States v. Williams, 864 F.3d 826, 828 (7th Cir. 2017) (bank robbery by intimidation defined in § 2113(a) is a crime of violence under the "elements" clause of § 924(c)(3)(A)).

Because bank robbery is a crime of violence, attempted bank robbery is also a crime of violence according to the language of 924(c)(3)(A). Id. (defining a crime of violence an offense that is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another…."); see Armour, 840 F.3d at 907 (attempted bank robbery is a crime of violence under the elements clause of § 924(c)); McFarland v. United States,

8

2017 WL 810267, at *5 (C.D. Cal. Mar. 1, 2017) (attempted armed bank robbery is categorically a crime of violence); see also Ovalles v. United States, 861 F.3d 1257 (11th Cir. 2017) (attempted carjacking categorically qualifies as a crime of violence under § 924(c)(3)(A)'s "use of force" clause); United States v. Gonzalez, 322 Fed. Appx. 963, 967 (11th Cir. 2009) ("[a]n attempted robbery constitutes a crime of violence under § 924(c)(1)(A).").

Therefore, Petitioner's conviction for attempted bank robbery serves as a predicate offense under § 924(c), and Johnson simply has no bearing on the validity of his convictions and sentences for violating §§ 924(c) and (o).

Therefore, Petitioner's § 2255 motion to vacate is time-barred and, in the alternative, meritless.

**IV.  CONCLUSION**

For the foregoing reasons, the Court will dismiss and deny Petitioner's § 2255 motion to vacate.

IT IS, THEREFORE, ORDERED that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is DISMISSED and DENIED.

2. IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 30, 2017

Robert J. Conrad, Jr.
United States District Judge